AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Andrew Fredrick Gunhammer | ) | Case No. MJ 26-2263 JFR |
| Year of birth: 1999 | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ 5/8/2026 _____ in the county of _____ San Juan _____ in the
_____ District of _____ New Mexico _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1153(a) and (b), and N.M. STAT. ANN. § 30-6-1(D) | Child Abuse |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Courtney Gale*
*Complainant's signature*

Courtney S. Gale, Special Agent
*Printed name and title*

Telephonically sworn and electronically signed.

Date: _____ 05/14/2026 _____

*Judge's signature*

City and state: _____ Albuquerque, New Mexico _____    Hon. John F. Robbenhaar, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

VS

**ANDREW FREDRICK GUNHAMMER**
Year of birth: 1999

Case No. _____

AFFIDAVIT IN SUPPORT OF
PROBABLE CAUSE ARREST

## AFFIDAVIT IN SUPPORT OF A PROBABLE CAUSE ARREST

I, Courtney S. Gale, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit is made in support of a Criminal Complaint and an Arrest Warrant for Andrew Fredrick Gunhammer (hereinafter referred to as GUNHAMMER), year of birth 1999.

2. I am currently serving as an FBI Special Agent assigned to the FBI, Albuquerque Division, Farmington Resident Agency, where I primarily investigate crimes that occur in Indian Country to include homicide, aggravated assault, child sexual assault, kidnapping and rape. I have been with the FBI for approximately three years. I received on the job training from other experienced agents, detectives, Indian Country criminal investigators, and tribal police officers. My investigative training and experience include, but is not limited to, processing crime scenes, conducting surveillance, interviewing subjects and witnesses, writing affidavits for executing search warrants and arrest warrants, examining cellular telephones, managing confidential human sources and cooperating witnesses/defendants, serving subpoenas, collecting evidence and analyzing public records.

3. This affidavit is based upon information reported to me by other federal, state, tribal and local law enforcement officers during the course of their official duties. Throughout this

1

affidavit, reference will be made to law enforcement officers. Law enforcement officers are those federal, state, and local law enforcement officers who have directly participated in this investigation. This affidavit is also based upon information gained from interviews with cooperating witnesses, whose reliability is established separately herein.

4. Based on my training, experience, and the facts set forth in this affidavit, there is probable cause to believe that GUNHAMMER violated federal criminal statutes 18 U.S.C. §§ 1153(a) and (b), and N.M. STAT. ANN. § 30-6-1(D), that being Child Abuse.

5. Because this affidavit is being submitted for the limited purpose of securing authorization for a Criminal Complaint and Arrest Warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to obtain the requested warrant.

## TERRITORIAL JURISDICTION MATTERS

6. Title 18 U.S.C. §§ 1153(a) and (b) provide for federal criminal jurisdiction under the following circumstances:

    a. "Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, **felony child abuse** or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

    b. Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the

2

United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

7.  N.M. STAT. ANN. § 30-6-1(D) provides as follows:

    a.  (D) Abuse of a child consists of a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be (1) placed in a situation that may endanger the child's life or health.

**FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE**

8.  On May 8, 2026, the Farmington Resident Agency of the FBI was notified by Jicarilla Apache Police Department (JAPD) that a man, identified as GUNHAMMER, was armed with a firearm at a residence, 27 3rd Street, Dulce, New Mexico 87528.

9.  The reporting parties (hereinafter referred to as J.V and S.M.) (YOB 1967 and 2003) stated that S.M. was outside with two others (hereinafter referred to as A.B. and D.A) (YOB 2005 and 2003) while J.V. was inside the residence. GUNHAMMER approached S.M., A.B., and D.A. GUNHAMMER pulled an AK-47 style pistol from his black backpack and began loading it with a magazine. S.M., A.B., and D.A. ran to the door of the residence shouting that GUNHAMMER had a gun. J.V. called her grandchildren (hereinafter referred to as CHILD VICTIM 1 and CHILD VICTIM 2, respectively aged 14 and 12, inside via another door to the residence.

10.  Upon entry to the residence, S.M., A.B., and D.A. were pushing on the door to keep GUNHAMMER outside. GUNHAMMER attempted to force entry into the residence but was unsuccessful. J.V. came to the door while everyone else inside the residence retreated to take cover. J.V. informed GUNHAMMER to leave because she was calling the police. GUNHAMMER fled from the residence to 32 3rd Street Dulce, NM.

3

11. JAPD officers arrived on scene and made contact with a resident (hereinafter referred to as K.D.) (YOB 1989), at 32 3rd Street Dulce, NM, who confirmed GUNHAMMER was inside the residence. GUNHAMMER exited the residence and was taken into custody by JAPD. GUNHAMMER informed JAPD officers that his black Nike backpack was located in K.D.'s bedroom.

12. K.D. gave JAPD officers consent to search her residence. K.D. showed JAPD officers which room was hers and gave consent for them to search it. A black Nike backpack was located in the bedroom. K.D. gave JAPD officers consent to look under her mattress, where a black AK-47 style pistol, with one chambered round, was located. JAPD has seized this same firearm from GUNHAMMER during past incidents. JAPD seized the firearm and black Nike backpack from the residence.

13. On May 9, 2026, JAPD Officer secured a search warrant for the contents of the black Nike backpack. Of significance, several rounds of different ammunition, one of which was 7.62x39 caliber, a scale, plastic bags and small amounts of cannabis, cocaine paraphernalia, and small bottles of methamphetamine fluid were found.

14. A restraining order by J.V. is pending with Jicarilla Apache Nation Tribe against GUNHAMMER.

15. The reported incident took place 27 3rd Street Dulce, New Mexico, which is within the exterior boundaries of the Jicarilla Apache Nation.

16. GUNAHMMER is an enrolled member of the Jicarilla Apache Nation.

**CONCLUSION**

17. Based on my training, experience, and the facts as set forth in this affidavit, your affiant submits there is probable cause to believe GUNHAMMER violated 18 U.S.C. §§ 1153(a) and (b), and N.M. STAT. ANN. § 30-6-1(D), that being Child Abuse.

4

18.    Supervisory Assistant United States Attorney Jack Burkhead reviewed and approved this affidavit for legal sufficiency to establish probable cause.


Electronically SUBSCRIBED and telephonically SWORN to me on May 14, 2026.

Courtney S. Gale
Special Agent
Federal Bureau of Investigation


Subscribed and sworn telephonically before me on May 14, 2026.

The Honorable John F. Robbenhaar
United States Magistrate Judge

5